In the Matter of Proving the Last Will and Testament of MARVIN DUGRO BUTTLES, Deceased, as a Will of Real and Personal Property. In the Matter of the Petition of MARVIN DUGRO BUTTLES, JR., and CENTRAL HANOVER BANK AND TRUST COMPANY, as the Executors of and Trustees under the Instrument Dated April 14, 1939, Purporting to Be the Last Will and Testament of MARVIN DUGRO BUTTLES, Deceased, for Leave to Compromise a Controversy between the Legatees and Devisees under Said Instrument and the Distributees of the Intestate Property of Said Decedent, and for the Approval of a Written Agreement of Compromise Thereto Dated July 29, 1940, and Agreement Supplemental Thereto Dated August 14, 1940, under Section 19 of the Decedent Estate Law. NANA HENRIETTA BUTTLES and JOHN C. GIBBONS, Appellants; MARVIN DUGRO BUTTLES, JR., and CENTRAL HANOVER BANK AND TRUST COMPANY, Named as Executors, Trustees, etc., of MARVIN DUGRO BUTTLES, Deceased, Petitioners, Respondents; PAUL VINCENT BUTTLES and Others, Respondents.— Decree of the Surrogate's Court of Nassau County, confirming agreements of compromise in so far as appealed from, unanimously affirmed, with costs to each respondent or group of respondents filing a brief, payable out of the estate. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ.

In the Matter of the Application of WECKSTEIN & WECKSTEIN to Fix and Determine Their Fees and Disbursements as Attorneys for SAMUEL KOHN, as Administrator, etc., of MARK J. KALASHEN, Deceased, Pursuant to Section 231-a of the Surrogate's Court Act. SAMUEL KOHN, as Administrator, etc., of MARK J. KALASHEN, Deceased, Appellant; WECKSTEIN & WECKSTEIN, Attorneys, Respondents; LOUIS KOHN, as Administrator, etc., of MARK J. KALASHEN, Deceased, Respondent.— Proceeding to fix and determine fees of attorneys. Decree of the Kings County Surrogate's Court unanimously affirmed, with costs to respondents Weckstein & Weckstein, payable out of the estate. No opinion. [See *post*, p. 892.] Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.

DORA JAFFE, Sometimes Known as DORA MANNIS, Respondent, v. " LOUIS " WULFOWITZ, First Name " Louis " Being Fictitious, True First Name Unknown to Plaintiff, Doing Business as HOTEL COLUMBIA, Appellant.— Order granting plaintiff's motion to vacate the dismissal of the complaint after the case had been marked off the calendar, and to restore the case to the reserve calendar, affirmed, without costs. No opinion. Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.